LOTTINGER, Judge.
Plaintiff, Mohammed S. Jasim, filed suit against John R. Lewis and Rebel Commercial Properties Development Corporation for personal injuries and property damages resulting from an intersectional collision at- *668 a shopping center and private road. The Lower Court rejected plaintiff’s demand at plaintiff’s costs, and from this judgment plaintiff has appealed.
In written reasons for judgment, the trial judge very ably gives a summary of the facts involved in this matter which we quote here:
“This suit concerns an accident which occurred on August 9, 1969, at approximately 8:45 a. m. in the City of Baton Rouge, on a privately owned thoroughfare running north and south between Government Street and Florida Street. The plaintiff in this action, Mohammed S. Jasim, was proceeding in a northerly direction on said thoroughfare and the defendant, John R. Lewis, was exiting a shopping center parking lot intending to pull onto the thoroughfare, turn to his left and proceed in a southerly direction. The defendant, Rebel Commercial Properties Development Corporation, is the owner of the shopping center as well as the thoroughfare. This defendant was joined in the suit, negligence being alleged on their part in that they had allowed thick shrubbery and bushes to grow to a height and thickness which made it impossible for motorists to see the approach of oncoming vehicles.
“The defendant, Lewis, related that he was driving a 1967 black Lincoln sedan, on his way to his store which was located on Government Street. It appears that he pulled into the above named shopping center-in order to stop at Shoppers’ Fair but found that it was closed. He then proceeded to the western edge of the shopping center where he stopped for a while and then proceeded to edge up and ease up, looking in both directions. It appears that he finally pulled all the way out, whereupon he saw plaintiff’s vehicle headed directly towards him. Fie said that plaintiff was approximately seventy feet away and traveling at a high rate of speed, that he was unable to avoid the collision, and that the impact to his vehicle was approximately right at the center post. It appears from the evidence that there were no posted stop signs or any other traffic control devices, other than dimly visible painted arrows upon the pavement. Defendant, Lewis, stated that his view to the south was obstructed by grass which was approximately five to six feet high.”
The Trial Judge found the defendant, Lewis, negligent in driving his vehicle into the thoroughfare without ascertaining if he could do so in safety. However, in rejecting plaintiff’s demand, the Trial Judge found plaintiff to be guilty of contributory negligence.
It appears that the testimony of the plaintiff and defendant drivers was in conflict and that the Trial Judge’s assessment of what actually happened is based on the testimony by Officer J. W. Morrell of the Baton Rouge City Police Department who investigated the accident and on photographs of the scene of the accident and the damaged vehicles. The crucial testimony offered by Officer Morrell concerns the skid marks left by plaintiff’s vehicle. Plaintiff apparently thought that the police report indicated 13.6 feet of skid marks, whereas the police officer testified that there were 136 feet of skid marks left by plaintiff’s vehicle. The Trial Judge found that the photographs entered into evidence substantiated the officer’s testimony as to the length of the skid marks made by plaintiff’s vehicle. Considering the length of the skid marks and the fact that plaintiff ran squarely into Lewis’ heavy automobile in coming to a stop, the Trial Judge found that plaintiff was traveling at a high rate of speed. The Lower Court further noted the great amount of damage done to both vehicles indicating that they collided with great force.
Counsel for plaintiff-appellant attempts to discredit the testimony of the police officer on which the Trial Judge relied so heavily by stating that he was taken by surprise when he learned that the police *669 officer’s mother was employed by a company owned by defendant, Rebel Commercial Properties Development Corporation. There is nothing in the record to indicate that the testimony of the police officer was not completely unbiased and in agreement with the physical evidence.
The Trial Judge being present and hearing the testimony of the police officer and parties, as well as having them explain their version of the photographs, puts him in the best position to be the trier of the facts. Plis determination of the facts that plaintiff was traveling at a high rate of speed and his vehicle left 136 feet of skid marks will not be overturned absent manifest error. We fail to find manifest error in that regard, and the very fact that plaintiff left 136 feet of skid marks clearly establishes the fact that he was traveling at a very high and excessive rate of speed prior to the collision.
Plaintiff-appellant further argues that his speed was not a cause in fact of the collision. He asserts that the defendant, Lewis, emerging from the parking lot into the thoroughfare was the sole cause of the accident and that the accident would have happened without regard to the speed of plaintiff’s vehicle. We have already upheld the Trial Court’s findings of fact as to plaintiff’s high speed and skid marks. Keeping in mind that the plaintiff’s vehicle left 136 feet of skid marks and that a reaction time was involved from the time plaintiff saw the Lewis vehicle to the time the skid marks began, it is proper for the Trial Court to believe that plaintiff saw Lewis when he was more than 136 feet away and that if plaintiff had been traveling at a moderate speed, he would have been able to slow or stop, and the accident would have been avoided.
We find no error in the dismissal of the action against Revel Commercial Properties Development Corporation by the Lower Court for lack of a finding of negligence on its part.
For the reasons assigned, the judgment of the Lower Court is affirmed. All costs of this appeal to be paid by plaintiff-appellant.
Judgment affirmed.